## HART *vs*. BLOCK.

In a claim case, the fact that the justice court summons, on which the execution was founded, did not show on its face that defendant resided within the militia district, it appearing from the evidence that he did, does not render the proceeding void.

Jurisdiction. Courts. Judgments. Before Judge CRISP. Sumter Superior Court. October Adjourned Term, 1877.

To the report contained in the decision it is only necessary to add, that claimant requested the court to give the following charge, which was refused, and she excepted:

"If the summons in the case on which the *fi. fa.* was founded did not affirmatively show that defendant, I. N. Hart, resided in the 789th district G. M., then the said summons and the judgment thereon were absolutely void, and the plaintiff could not recover."

ALLEN FORT, by brief, for plaintiff in error, cited 12 *Ga.*, 424, 428: 13 *Ib.*, 68; 11 *Ib.*, 423; 7 *Ib.*, 362; 5 *Ib.*, 185; 59 *Ib.*, 534, 603; 56 *Ib.*, 282.

GUERRY & SON, for defendant.

WARNER, Chief Justice.

This was a claim case which came before the court below on an appeal from a justice court. On the trial thereof the jury, under the charge of the court, found the property subject to the *fi. fa.* levied thereon. The claimant excepted to the ruling of the court as to the validity of the plaintiff's justice court *fi. fa.*, and the only question seriously insisted on here is, whether the justice of the peace had jurisdiction to render the judgment on which the *fi. fa.* levied on claimant's property was issued. The objection is, that it does not affirmatively appear on the face of the summons that I. N. Hart, the defendant, resided in the 789th district, in which the judgment was rendered, though it was proven at the trial, over claimant's objection, that Hart, the defendant, did reside in the 789th district. The summons of the justice was in the usual form, and was served upon the defendant. The main question involved in this case was decided in *Davis vs. Wilson*, during the present term, not yet reported.

Let the judgment of the court below be affirmed.